[Crim. No. 918. Fourth Dist. Apr. 24, 1952.]

In re WILLIE L. HENDERSON, on Habeas Corpus.

Willie L. Henderson, in pro. per., for Petitioner.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

BARNARD, P. J.—This is an application for a writ of habeas corpus. It appears that on the night of April 8, 1950, one Wheeler and one Johnson entered a service station in Los Angeles and attempted to hold up the attendants. A patrol officer, who saw the holdup in progress, testified that he saw a third man by a pump. He identified this petitioner as that third man. Johnson fired a shot which struck the patrol officer and that officer fired a shot which hit Wheeler. Wheeler ran to the car where the petitioner was, and after getting into the car lost consciousness. Wheeler, who pleaded guilty, testified that the petitioner and Johnson accompanied him to the station on the night of the robbery and it was arranged that he and Johnson were to go into the station while the

petitioner was to park his car and wait for them. A jury found the petitioner guilty of attempted robbery and on October 26, 1950, he was sentenced to state prison for this offense.

The petition is based upon the claim that he was convicted of attempted robbery by means of perjured testimony knowingly used by the prosecuting officials. It is alleged that the police officer who investigated this matter made a deal with Wheeler giving him immunity from conviction on this charge in return for his testimony to the effect that the petitioner participated in this crime; that Wheeler was also promised that certain other matters pending against him in Arizona would be dropped in exchange for his perjured testimony against the petitioner; and that Wheeler, who is now confined in the Chino Institution for Men where the petitioner is confined, has now admitted that he did not tell the truth concerning the petitioner at the trial. An affidavit signed by Wheeler is attached to the petition, in which he states that he was led by duress and fear of being removed to Arizona and other considerations to incriminate the petitioner in this robbery; that for the purpose of righting the wrong he now desires to make a truthful statement of facts; that he now states under oath that the petitioner did not participate in said robbery; and that, so far as he knows, the petitioner was not present when the robbery was committed.

From the return to the writ it appears that the petitioner is held under commitments issued pursuant to three separate judgments, a judgment for conviction of forgery of fictitious name, one for conviction of violation of the Dangerous Weapons' Control Law, and the one directly involved herein. All three judgments were entered on October 26, 1950. The return denies all the material allegations of the petition and it is accompanied by the affidavits of the investigating officer and of the district attorney who tried the case. The affidavit of the district attorney denies any knowledge of the facts presented in the new affidavit of Wheeler, and alleges that at the trial he presented Wheeler as a witness in the belief that he was telling the truth. The affidavit of the investigating officer is to the same effect and presents other facts which would support his belief that Wheeler had agreed to, and did, tell the truth at the trial.

It clearly appears that the petitioner is not entitled to a discharge, since he is held on two other judgments under which the Adult Authority has not yet fixed the terms, and

the maximum period for said offenses has not yet expired. With respect to the conviction for attempted robbery the record before us, including the transcript of the proceedings at the trial, discloses that the conviction was amply supported by the evidence, irrespective of the testimony of the witness Wheeler. While it would appear that Wheeler has committed perjury, either at the trial or in his affidavit, nothing has been here presented from which it can be told which of his stories is true. Moreover, it is incumbent upon the petitioner to prove that perjured testimony was knowingly used by the prosecuting officials at the trial. (*In re Mooney,* 10 Cal.2d 1 [73 P.2d 554] ; *In re Lindley,* 29 Cal.2d 709 [177 P.2d 918].) No attempt was made by the petitioner to establish that fact, no contention was made that evidence to that effect could be produced, and the only evidence that was produced is to the contrary. At the hearing it was stipulated that the petition should be considered as a traverse to the return, and the matter was submitted on the allegations of the petition and the affidavit made by Wheeler.

The writ is discharged and the petitioner is remanded.

Griffin, J., and Mussell, J., concurred.